IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY VIDAL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   Civil Action 2:11-CV-905-WHA |
| -vs- | ) |
| | ) |
| EARTH FARE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on October 4, 2012, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

   For the plaintiff:  Roman A. Shaul

   For the defendant:  James N. Nolan, J. Tobias Dykes

   COUNSEL APPEARING AT PRETRIAL HEARING:  same as trial counsel

2. JURISDICTION AND VENUE:

Subject matter jurisdiction is proper in this Court under federal question jurisdiction, 28 U.S.C. § 1331, through the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and also under diversity jurisdiction, 28 U.S.C. § 1332.  Plaintiff is a resident of Montgomery, Alabama, and Defendant is a North Carolina corporation.  Both parties have also submitted to personal jurisdiction.

Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(b): Defendant resides in Montgomery for venue purposes by virtue of being subject to personal

jurisdiction in Montgomery.  28 U.S.C. § 1391(c).  Additionally, the store where Plaintiff was employed is in Montgomery and the events giving rise to the claim occurred in Montgomery.

    3.    <u>PLEADINGS</u>:  The following pleadings and amendments were allowed:

    Complaint

    Answer

    Amended Complaint

    Answer to Amended Complaint

    Second Amended Complaint

    Answer to Second Amended Complaint

    First Amended Answer to Complaint

    4.    <u>CONTENTIONS OF THE PARTIES</u>:

    (a)    The plaintiff

Plaintiff is a former employee (grocery department manager) of Defendant who alleges he worked in excess of 40 hours per week and was not compensated properly pursuant to 29 U.S.C. § 201. et seq. ("Fair Labor Standards Act").  Defendant additionally took adverse employment action against Plaintiff, including terminating Plaintiff's employment, as a result of Plaintiff engaging in activity protected by the FLSA, including instituting this action.

    (b)    The Defendant:

Defendant asserts that Plaintiff was properly classified as an exempt "executive" employee as defined at *Fair Labor Standards Act*, Section 13(a)(1), 29 U.S.C. Section 2113(a)(1), and was properly compensated.  Defendant denies that it violated the Fair Labor Standards Act when it terminated Plaintiff's employment; he was terminated for violating a

policy and not in retaliation for his exercise of federally protected rights.  Defendant denies that Plaintiff is entitled to any damages.

Defendant asserts the following affirmative defenses:

    a.  Failure to mitigate damages.

    b.  Any act or omission giving rise to this action was executed in subjective good faith, and there were objective reasonable grounds supporting Defendant's acts and omissions.

    c.  Defendant made a good faith effort to comply with the FLSA and had reasonable grounds for believing that the acts or omissions giving rise to this action were in good faith and there were reasonable grounds for believing that they were not violations of the FLSA.

    d.  Defendant took active steps to ascertain the dictates of applicable law and acted to comply with the law.

    e.  Defendant did not willfully violate the law.


5.  <u>STIPULATIONS BY AND BETWEEN THE PARTIES:</u>

The parties stipulate that Mr. Vidal began work on January 10, 2011; resigned on July 4, 2011; was rehired on July19, 2011; and was terminated on April 26, 2012.  The parties further stipulate that Mr. Vidal was paid, on a salary basis, at least $455 a week.

The parties stipulate that Defendant is subject to all provisions of FLSA in regard to Plaintiff's employment.


It is ORDERED that:

1.    The jury selection and trial of this case, which is to last <u>not more than five (5)</u> days, are set for <u>October 29, 2012</u> at <u>10</u>:00 a.m. at the United States Courthouse in <u>Montgomery</u>, Alabama;

2. A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

3. Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

4. **IF REQUIRED**: Trial briefs are required to be filed by October 15, 2012. They shall cover law, expected testimony, and from whom, and exhibits to be offered in support of their positions, together with details of damages claims.

**IF NOT REQUIRED**: The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than   N/A/.

All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #13) entered by the court on November 29, 2011, **except that any Daubert motions must be filed no later than   N/A/.**

5. All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the court.

DONE this 9th day of October, 2012.

/s/ W. Harold Albritton
W. Harold Albritton
Senior U. S. District Judge