IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY VIDAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11cv905-WHA |
| | ) |
| | )           (wo) |
| EARTH FARE, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This cause is before the court on a Joint Motion for Approval of FLSA Agreement (Doc. #34), negotiated on a claim brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 to 219, for unpaid overtime wages. For the reasons assigned below, the court approves the parties' settlement and dismisses the complaint, with prejudice.

The court first notes that each party, plaintiff Anthony Vidal and defendant Earth Fare, Inc., are represented by competent counsel who are affiliated with firms which have reputations for expertise in FLSA litigation.

Based upon the representations of the parties contained in the Motion and in the Settlement Agreement executed by counsel and by the Plaintiff personally, the court finds no need for a hearing.

The evidence laid before the court is that Anthony Vidal was employed by Earth Fare in a Montgomery, Alabama retail grocery store. He was the manager of the "Grocery Department," a distinct division with the store. He managed at least two employees and exercised supervisory and disciplinary responsibilities for those employees. He interviewed and hired at least one

employee during the term of his employment.  He was paid a salary of more than $455.00 a week.  These elements would appear to qualify Vidal for the "executive" exemption found at Section 15 of the FLSA, 29 U.S.C. § 215, and the Department of Labor regulations issued thereunder.

The dispute in the case appears to be whether Vidal's primary job functions were those which establish a worker as an "executive" who is exempt from the overtime pay requirements found at Section 15 of the FLSA.  It is conceded by Vidal and his counsel that Vidal was indeed engaged in executive functions, but Vidal maintains that he spent most of his work time engaged in the work of a non-exempt stock clerk.  Earth Fare for its part admits that all of its managers, including a grocery department manager like Vidal, do engage in non-exempt, incidental work tasks, but that work is not a primary element of the job description as written or as implemented.

The matter of hours worked in excess of forty in weeks spanning the term of Vidal's employment, approximately fifteen months, was also in dispute.  Earth Fare had no time records for Vidal because it had qualified him as exempt from the maximum hour provisions of the FLSA.  Vidal had memorialized records of some overtime worked, but the majority of his evidence was anecdotal and speculative.

Based on the positions of the parties, the genuine factual disputes, Earth Fare's apparent good faith attempt to comply with the FLSA in qualifying Vidal as exempt from overtime, and the proposed substantial payment by Earth Fare to Vidal of $32,500.00, the court finds that the settlement reached by the parties is fair and reasonable to the employee and is in substantial compliance with the FLSA.  See *Lynn's Foods Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (the court must evaluate the agreement to determine if it is "fair and reasonable" to the employee; and, if the agreement is fair and reasonable to the employee, the court must evaluate

whether the agreement frustrates implementation of the FLSA.  If the agreement satisfies both conditions, courts within the Eleventh Circuit may approve settlements of FLSA claims.)

For the foregoing reasons, the Motion (Doc. #34) is GRANTED and it is hereby

ORDERED that the settlement agreement submitted to the court is APPROVED, and the complaint is DISMISSED, with prejudice, costs taxed as paid.

Done this 5th day of November, 2012.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE